# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

WILLIAM MURRAY, et al.,

          Plaintiffs,

    v.

ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al.,

          Defendants.

Case No. 1:19-cv-1498  LEK/TWD

## JOINT SCHEDULING PROPOSAL

On July 10, 2020, Defendants Andrew Wheeler, in his official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA"), the EPA, R.D. James, in his official capacity as Assistant Secretary of the Army for Civil Works, and the U.S. Army Corps of Engineers ("Defendants") answered the amended complaint in this case. See Dkt. No. 20. As this is a case for judicial review of agency actions under the Administrative Procedure Act and no discovery is required, Plaintiffs William Murray and June Omura ("Plaintiffs") and Defendants respectfully submit this joint scheduling proposal to govern further proceedings. The parties conferred in good faith on a proposed schedule but were ultimately unable to agree on a single proposal. Thus, the parties submit their individual proposals below for the Court's consideration.

    **A.**    **Plaintiffs' Proposal:**

Plaintiffs propose filing a summary judgment motion on September 10, 2020 addressing Defendants' repeal and replacement of the 2015 Clean Water Rule (Step 1 and Step 2 of the rulemaking), due to common questions of law and fact and to promote judicial efficiency and limit unnecessary expenditure of time and resources. The similarity of the issues is demonstrated

by comparison of plaintiffs' original complaint with the amended complaint, both of which essentially present the same facts and legal arguments. Since the repeal of the 2015 Rule served as the foundation for the 2020 replacement rule, both are inexorably bound together. Thus, plaintiffs respectfully request an order allowing briefing on the two-step process to avoid having to re-litigate the same issues later. Plaintiffs consent to a reasonable response period for Defendants.

### B. Defendants' Proposal:

This case concerns a challenge to two final agency actions issued jointly by EPA and the Army. The first is a 2019 rule (the "2019 Rule") that repealed a 2015 regulatory definition of "waters of the United States" under the Clean Water Act and reinstated an earlier definition. 84 Fed. Reg. 56,626 (Oct. 22, 2019). The second is the 2020 Navigable Waters Protection Rule ("2020 Rule"), which defines "waters of the United States" under the Clean Water Act and replaced the 2019 Rule. 85 Fed. Reg. 22,250 (Apr. 21, 2020). The 2020 Rule went into effect on June 22, 2020. While part of a two-step repeal and replace rulemaking process, the two agency actions are supported by separate administrative records, contain different agency decisions, and raise some different legal issues.

Defendants propose a two-phased approach to summary judgment briefing. The first phase would consist of cross-motions for summary judgment on the merits of the 2020 Rule. If—and only if—necessary following the Court's ruling on the first phase of summary judgment briefs, the parties could submit briefs in a second phase concerning the 2019 Rule. The two-phased approach would serve the interests of judicial economy and conserve party resources as it would allow the parties and the Court to focus on the rule currently in effect—the 2020 Rule—and only address the merits of the replaced 2019 Rule if necessary. Not only could the Court's

ruling on the merits of the 2020 Rule affect the issues and arguments at play with respect to the 2019 Rule, but also the Court cannot grant meaningful relief as to the replaced 2019 Rule as long as the 2020 Rule is in effect. Lastly, there are a number of other challenges to the 2020 Rule pending across the country that could bear upon the Court's resolution of claims in this case and potentially obviate the need for a second phase of summary judgment briefing. The Agencies have taken a similar approach as requested here in those cases that involve challenges not only to the 2020 Rule but also to the 2019 Rule and/or the 2015 Rule.[1]

Defendants specifically propose the following schedule and request the corresponding expanded page limits, which reflect the complexity of issues involved:

Phase 1 – Briefing on the 2020 Rule:

**September 10, 2020**: Plaintiffs' Motion for Summary Judgment (40 pages)

**October 23, 2020**: Defendants' Opposition/Cross-Motion (40 pages)

**November 18, 2020**: Plaintiffs' Reply/Opposition to Cross-motion (25 pages)

**December 16, 2020**: Defendants' Reply (25 pages)

---

[1] *See, e.g.*, *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564, Dkt. No. 94 (D. Or. May 6, 2020) (order granting stay of claims challenging 2015 Rule while briefing on 2020 Rule proceeds); *Waterkeeper Alliance, Inc. v. Wheeler*, No. 3:18-cv-03521, Dkt. No. 83 (N.D. Cal. May 27, 2020) (stipulation holding in abeyance claims challenging 2015 rule to allow plaintiffs to add and brief the merits of challenge to 2020 Rule); *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569, Dkt. No. 78 (W.D. Wash. June 26, 2020) (stipulation to stay claims challenging 2015 and 2019 rules while briefing on 2020 Rule proceeds). The Agencies have also sought to stay cases involving challenges to the 2015 Rule and/or 2019 Rule. *See, e.g.*, *Pierce v. EPA*, No. 0:19-cv-02193, Dkt. No. 33 (D. Minn. July 1, 2020) (staying challenges to 2015 and 2019 Rules); *North Dakota v. EPA*, No. 3:15-cv-00059, Dkt. No. 325 (D.N.D. June 24, 2020) (extending stay of challenge to 2015 Rule); *South Carolina Coastal Conservation League v. Wheeler*, No. 2:19-cv-03006, Dkt. No. 54 (D.S.C. May 29, 2020) (extending abeyance of challenge to 2019 Rule); *Southeast Stormwater Ass'n, Inc. v. EPA*, No. 4:15-cv-00579, Dkt. No. 103 (N.D. Fla. May 26, 2020) (extending abeyance of challenge to 2015 Rule); *Southeastern Legal Found., Inc. v. EPA*, No. 1:15-cv-02488, Dkt. No. 26 (N.D. Ga. Aug. 5, 2019) (staying challenge to 2015 Rule).

Phase 2 – Briefing on the 2019 Rule:

10 days after the Court's order on the Phase 1 cross-motions for summary judgment, the parties would submit a joint proposal to govern further proceedings, advising whether any briefing is needed and, if so, proposing a schedule.

Respectfully submitted,

/s/ James Bacon

Plaintiffs' Attorney
PO Box 575
New Paltz, New York 12561
(845) 419-2338
Baconesq@yahoo.com

Dated: July 27, 2020

/s/ Erica Zilioli
Phillip R. Dupré
Erica M. Zilioli
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 305-6167 (Dupré)
(202) 514-6390 (Zilioli)
Phillip.R.Dupre@usdoj.gov
Erica.Zilioli@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 27, 2020, the foregoing document was served on counsel of record via the Court's electronic case filing system.

/s/ Erica Zilioli