

**U.S. Department of Justice**

Environment and Natural Resources Division

LJG:prd
DJ # 90-5-1-4-21626

*Environmental Defense Section*  *Telephone (202) 616-7501*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC  20044*

February 1, 2021

**VIA ECF**

Hon. Therese Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7346

      Re: Court Conference Regarding Abeyance Motion in *Murray v. Nishida*,[1] as acting EPA Administrator, No. 1:19-cv-01498-LEK/TWD (N.D.N.Y.)

Dear Magistrate Judge Dancks:

      Pursuant to Local Rule 7.1(a)(2), Defendants Acting EPA Administrator Nishida, et al., hereby request a court conference regarding a motion to hold this case in abeyance while Defendants review the the rule currently at issue in the case.  Counsel for Plaintiffs indicate that Plaintiffs <u>oppose</u> this motion.

      In support of their motion, Defendants provide the following reasons:

      1.    Plaintiffs challenge the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR" or "2020 Rule") and the Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "2019 Rule"), which preceded the NWPR.

      2.    On January 13, 2021, the Parties finished briefing their respective cross-motions for summary judgment regarding the NWPR.  Briefing with respect to the 2019 Rule was deferred until after this Court rules on Plaintiffs' claims against the NWPR.  Dkt. No.  22.

      3.    On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis."  86 Fed. Reg. 7037 (Jan. 25, 2021).  In conformance with the Executive Order, Defendants are reviewing many rules promulgated in the last four years,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Jane Nishida is automatically substituted in place of Andrew Wheeler.

including the NWPR at issue in this case.  *See* Fact Sheet: List of Agency Actions for Review.[2]

4.      Agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation.  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co*., 463 U.S. 29, 42 (1983); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008).  An agency's interpretation of a statute it administers is not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations."  *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted).

5.      Defendants request a six-month abeyance of this case to give appropriate officials adequate time to review the rule and determine whether the NWPR should be maintained, modified, or otherwise reconsidered.  At the end of the abeyance period, Defendants, in consultation with Plaintiffs, will provide a status report proposing further proceedings.[3]

6.      Defendants note that one district court has recently stayed challenges to the NWPR upon application of the United States on these same grounds.  Minute Order, *Environmental Integrity Project v. Wheeler*, No. 20-cv-01734-KBJ (D.D.C. Jan. 28, 2021) (granting six month abeyance until July 29, 2021).  Other requests for abeyance have been, or will be, filed in other cases challenging the NWPR.

7.      Granting this motion will not prejudice any Party, will conserve the Parties' resources, and will promote the interest of judicial economy.

For the foregoing reasons, Defendants respectfully request a Court Conference pursuant to Local Rule 7.1(a)(2) to discuss Defendants' motion for abeyance.

                    Sincerely,

                    *s/ Phillip R. Dupré*
                    Phillip R. Dupré
                    Daniel Pinkston
                    Trial Attorneys, Environmental Defense Section

---

[2] Available at https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited on Jan. 27, 2021).

[3] Defendants are also amenable to providing interim status reports every 45 days.